IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPIRE FUND & MARINE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>  v.<br><br>ALFREDO DOMINGO, et al.<br><br>          Defendants.<br>_____/ | No. C 06-04631 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON NOVEMBER 2, 2007, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party shall have twenty (20) minutes to address the following questions.

1. Although Plaintiff's Complaint refers to the duty to defend, the Court reads Plaintiff's motion to be limited to the issue of whether coverage exists. Is the Court correct in its understanding?

2. Is the number of seatbelts in the vehicle involved in the accident truly a disputed issue of fact?

3. What is Plaintiff's best argument that the condition of use regarding seatbelts is not open to more than one interpretation, such that it should not be construed against Plaintiff as the drafter of the exclusion in question?

    a. In *National Ins. Underwriters v. Carter*, 17 Cal. 3d 380 (1976), in addressing the question of whether an insurance policy was ambiguous, the California Supreme Court distinguished between two provisions of an insurance policy, one of which had "as its purpose the definition of those persons who, in addition to the named insureds, may claim coverage and protection with respect to accidents *to which the policy applies*. The ... exclusion clause, on the other hand, specifies that *the policy does not apply* unless the plane is piloted by a person named in that clause." *Id.* at 385 (emphasis in original) (concluding that policy was not ambiguous). How would Defendants distinguish this case from the *Carter* case?

4. Plaintiff relies in part on *Hertz Corp. v. Home Ins. Co.*, 14 Cal. App. 4th 1071 (1993) in support of its argument that the exclusion at issue is clear and conspicuous. The Rental Agreement in this case, differs in part from the rental agreement at issue in *Hertz*, which stated that failure to abide by the "conditions of use" could result in the loss of insurance coverage. *Id.* at 1075, 1081. Given that factual distinction, what is Plaintiff's best argument that the rental agreement in this case sufficiently made clear that the negative consequences of using the rental car in violation of the seatbelt provision would result in a complete loss of coverage?

5. Do Defendants contend that Enterprise was required to provide them with a copy of the full insurance policy, when the exclusion at issue also is spelled out in the Rental Agreement? If so, on what additional authority do they rely?

6. Is Plaintiff's argument that the fact that Ms. Domingo was not presented with the Rental Agreement or Insurance Policy, and apparently did not read those documents is not material to resolution of the motion premised on the same argument it raises with respect to Mr. Domingo? If not, on what basis do they make this assertion?

    a. What, if anything should the Court take from the fact that when Ms. Domingo asked the Enterprise representative if she needed to sign anything, she was told that she did not? In a similar vein, what is Plaintiff's best argument that the record supports a conclusion that Ms. Domingo had any knowledge of the exclusionary clause at issue?

7. The Rental Agreement states that "Upon request, a copy of the policy is available for review." Is a copy of the insurance policy available for review at Enterprise offices at the time a customer rents a car? *See, e.g., 20th Cent. Ins. Co. v. Liberty Mutual Ins. Co.*, 965 F.2d 747, 754 n.5 (9th Cir. 1992) (noting that insurance policy was located in Florida). If so, is that fact set forth in the current record?

8. Are there any other issues the parties wish to address?

2

1
2   Dated: November 1, 2007
3                                                              JEFFREY S. WHITE
                                                               UNITED STATES DISTRICT JUDGE